IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HCC INSURANCE HOLDINGS, INC., <br><br>                 Plaintiff, <br><br>v. <br><br>VALDA FLOWERS, CREATIVE RISK UNDERWRITERS, LLC, and MICHAEL REMEIKA, <br><br>                 Defendants. | 1:15-cv-3262-WSD |
| HCC INSURANCE HOLDINGS, INC., <br><br>                 Plaintiff, <br><br>v. <br><br>MICHAEL REMEIKA, <br><br>                 Defendant. | 1:15-cv-4106-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendants Valda Flowers ("Flowers"), Creative Risk Underwriters, LLC ("CRU"), and Michael Remeika's ("Remeika") (collectively, "Defendants") Unopposed Motion to Consolidate [61] (the "Motion") filed in the above-captioned cases.

## I.     BACKGROUND

There are currently two actions pending before this Court brought by Plaintiff HCC Insurance Holdings, Inc. ("HCC").  Both actions stem from Flowers and Remeika's allegedly improper activities, including alleged misappropriation of trade secrets, prior to the end of Flowers's employment with HCC.

On September 16, 2015, HCC filed its Complaint in this Court in the action styled HCC Insurance Holdings, Inc. v. Valda Flowers and Creative Risk Underwriters, LLC, 1:15-cv-3262-WSD (the "Flowers Action"). On November 23, 2015, HCC filed its First Amended Complaint in the Flowers Action, adding Remeika as a Defendant.

In the First Amended Complaint, HCC asserts a claim against Flowers and Remeika for misappropriation of trade secrets. ([32] in the Flowers Action, ¶¶ 60-66).  HCC also asserts a claim against Flowers for breaching a Confidentiality Policy by allegedly using and disclosing HCC's confidential information.  (Id. ¶¶ 68-71).  HCC also asserts a claim against Remeika and CRU for tortious interference, based on their allegedly inducing Flowers to breach contractual obligations to HCC and inducing her to misappropriate confidential and trade secret information of HCC.  (Id. ¶¶ 73-76).  HCC also asserts a claim against Flowers for alleged violations of the Computer Fraud and Abuse Act.  (Id.

¶¶ 78-83).  Finally, HCC asserts claims against all three Defendants for attorneys' fees and costs and for exemplary damages.  (Id. ¶¶ 85, 87).  The crux of HCC's claim in the Flowers Action is that Flowers engaged in improper activities prior to the end of her employment and that Remeika and CRU induced her to do so.

On September 9, 2015, HCC filed an action against Remeika in the Northern District of Texas, styled HCC Insurance Holdings, Inc. v. Michael Remeika, Civil Action No. 4:15-cv-02564 (the "Remeika Action").  In the Remeika Action, HCC asserts a claim against Remeika for allegedly breaching certain Stock Option Agreements.  ([1] in the Remeika Action, ¶¶ 24-28].  HCC also asserts a claim against Remeika for allegedly breaching his fiduciary duty to HCC, based on allegedly inducing Flowers to resign from her employment with HCC.  (Id. ¶¶ 30-32).

On November 18, 2015, the Honorable Lee H. Rosenthal entered an Order of Severance and Transfer in the Remeika Action.  ([12] in the Remeika Action).  The Order of Severance and Transfer severed HCC's claim for breach of fiduciary duty and transferred that claim to this Court.  (Id.).  The severed portion of the Remeika Action was transferred to this Court on November 23, 2015. ([13] in the Remeika Action).

On February 17, 2016, Defendants filed their Motion, seeking to consolidate the Remeika Action and the Flowers Action.  Plaintiff does not oppose the Motion.

## II.  DISCUSSION

Rule 42 of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).  "A district court's decision under Rule 42(a) is purely discretionary," but trial judges are encouraged to use the rule "to expedite the trial and eliminate unnecessary repetition and confusion."  Melgarejo v. Nationstar Mortgage LLC, No. 1:12-CV-01494-RWS, 2012 WL 5077363, at *1 (N.D. Ga. Oct. 17, 2012) (quoting Hendrix v. Raybestos–Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).

The Court agrees that the Actions should be consolidated because it is clear from the face of the Complaints that the Flowers Action and the Remeika Action involve common questions of law and fact.  The actions raise the same or substantially similar claims, arise out of the circumstances of Flowers's departure from HCC's employ, and involve the same parties because Remeika is a party to the Flowers action.  See Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 765-66 (11th Cir. 1995) (The proper solution to problems created by the existence of two

4

or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)).  The Court directs the Clerk of Court to consolidate the Remeika Action with the Flowers Action (the "Consolidated Action"), and to administratively close the Remeika Action.

Because HCC's claims against Remeika in the Remeika Action are not contained in its First Amended Complaint in the Flowers Action, HCC shall, on or before April 15, 2016, file a Second Amended Complaint in the Consolidated Action including the claims it asserts against Remeika in the Remeika Action.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Unopposed Motion to Consolidate ([61] in the Civil Action No. 1:15-cv-3262 ) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to consolidate Civil Action No. 1:15-cv-4106 with Civil Action No. 1:15-cv-3262 (the "Consolidated Action").  The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** Civil Action No. 1:15-cv-4106.  The parties in the Consolidated Action shall file any pleadings, motions, or other papers only in the Consolidated Action.

5

**IT IS FURTHER ORDERED** that Plaintiff HCC Holdings, Inc. must file, on or before April 15, 2016, a Second Amended Complaint in the Consolidated Action which shall identify all claims asserted against Defendant Remeika. Any defendants named in the Second Amended Complaint shall have thirty (30) days from the date the Second Amended Complaint is filed to file an answer or otherwise respond.

**SO ORDERED** this 21st day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE